**TAYLOR v. GLOTFELTY.**

No. 11542.

United States Court of Appeals
Sixth Circuit.

Dec. 23, 1952.

Lewis W. Whitmer, Cincinnati, Ohio, for appellant.

Kit C. Elswick, Lexington, Ky., Claude P. Stephens, Lexington, Ky., on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This appeal has been heard and considered on the record and on the briefs and arguments of the attorney appointed to represent the appellant and of the United States Attorney, and also on the brief of appellant in propria persona: from all of which it appears that appellant, when an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri, brought an action for damages against the appellee who, when the alleged tortious acts were committed, was psychiatrist on official duty at the Medical Center.

The appellant avers that he was libelled by the appellee, who pronounced him to be suffering from paresis, and that the physician in so stigmatizing him was acting maliciously and without even having given him a personal examination and thus caused him to be confined in a ward for the insane at the Medical Center.

As was found by the District Judge, the acts of which appellant complains were done by the appellee physician in the discharge of his official duties and in relation to matters committed to him for official determination.

■ It should be borne in mind that this is not a petition for habeas corpus, but is a civil action for damages. An officer acting within the scope of his duties as defined in law is not liable for damages in a civil action because of a mistake of fact made by him in the exercise of his judgment or discretion. Cooper v. O'Connor, 69 App.D.C. 108, 99 F.2d 135, 138, and cases there cited. This rule of immunity has been extended even to situations where the officers acted from ulterior motives. Laughlin v. Rosenman, 82 U.S.App.D.C. 164, 163 F.2d 838, 841.

We think the District Judge properly sustained the motion to dismiss for the reasons stated in his opinion; and, accordingly, the judgment of the District Court is affirmed.