Arthur T. CARSON

v.

Mary K. BEHLEN.

Civ. A. No. 1455.

United States District Court
D. Rhode Island.

Nov. 23, 1955.

Francis I. McCanna, Providence, R. I., Robert R. Afflick, West Warwick, R. I., for plaintiff.

Joseph Mainelli, U. S. Atty., Arnold Williamson, Jr., Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

This action was commenced in the Superior Court of the State of Rhode Island to recover damages from the defendant for her alleged publication and utterance of false and untrue statements concerning the plaintiff. The defendant removed the action to this Court under Title 28 U.S.C.A. § 1442(a) (1) the pertinent part of which authorizes removal of "A civil action * * * commenced in a State court against * * * Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *."

The complaint contains two counts. The first count alleges in substance that before and at the time of the alleged publication of said false and untrue statements the plaintiff was employed as a kitchen helper by the United States government; that in such capacity he had behaved and conducted himself with integrity, honesty, etc.; that the defendant, well knowing this fact but contriving and falsely and maliciously intending to "injure the plaintiff in his character and reputation * * * and * * * to prevent the United States government from retaining and continuing to employ the plaintiff" did on, to wit, the 10th day of September A.D. 1951 and on the 1st and 2nd days of October A.D. 1951, and at divers times between said dates, compose and publish certain false, scandalous, malicious, defamatory and libelous matter concerning the plaintiff and concerning the plaintiff in his employment as such kitchen helper. The complaint then sets forth the alleged libelous matter all of which charged the plaintiff with certain derelictions of his duties as kitchen helper, and alleges that as a result thereof his reputation was damaged and that he was on May 8, 1952, discharged from his employment.

The second count contains the same allegations except that it alleges that the defendant, on the dates specified in count one, spoke and uttered the alleged defamatory statements.

The defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the pleadings fail to state a claim upon which relief can be granted. With this motion she has filed supporting affidavits and documents.

These affidavits and documents show conclusively that at the times of the alleged grievances the plaintiff was employed as a kitchen helper in the dietetic department of the Veterans Administration Hospital in Providence, Rhode Island; that the defendant was then chief of the dietetic service of the hospital, charged with the supervision of plaintiff's work; that under the rules and regulations of the Veterans Administration she was charged with the responsibility and duty of initiating and recommending appropriate action against the plaintiff, including discharge, for unsatisfactory performance or behavior; that certain irregularities concerning the performance of the plaintiff were brought to her attention by the plaintiff's immediate supervisors and as a result thereof she, Mr. John P. Lee, personnel officer of the hospital, and the immediate supervisors of the plaintiff made an inquiry concerning the plaintiff's performance; that upon completion of said inquiry, a letter,

signed by her and Mr. Lee, was sent to plaintiff dated September 10, 1951, advising him of "Notice of Grounds for and Effective Date of Intended Removal"; that after receipt of this letter the plaintiff claimed and was given a hearing, on the 1st and 2nd days of October, 1951, before an Advisory Hearing Authority, appointed in accordance with the rules and regulations of the Veterans Administration; that the defendant appeared and testified at this hearing concerning the plaintiff's performance of his duties; that as a result of the hearing the plaintiff was not discharged but was reprimanded in accordance with the recommendation of the Advisory Hearing Authority; that later, on April 18, 1952, a second letter setting forth grounds for intended removal was sent to the plaintiff who after a hearing thereon was removed; that this action was ultimately sustained by the United States Civil Service Commission.

In an affidavit filed in opposition to the instant motion the plaintiff states that the alleged false and untrue statements were not privileged and that they were published and uttered maliciously.

The complaint, answers by the plaintiff to interrogatories and to requests for admissions, and the affidavits and documents referred to therein, filed in support of this motion, show conclusively that the statements attributed to the defendant were published or uttered by her in the discharge of her official duties and in relation to matters committed to her for her official determination.

■ It has long been established that the heads of governmental departments are immune from civil liability for acts done by them in the exercise of their official functions. Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780. The reason for this rule is one of public policy. "Otherwise the perfect freedom which ought to exist in discharge of public duty might be seriously restrained and often to the detriment of public service." De Arnaud v. Ainsworth, 24 App. D.C. 167, 178, 5 L.R.A.,N.S., 163.

■ The growth of our governmental activities has long since prevented the head of a department from performing the many activities and duties within its sphere. Of necessity, there must be delegation of authority. And when the act done by a subordinate official occurs in the course of the official duty of a person clothed with authority and subject to the duty to act, it is the act of the department just as much as though performed by the head of that department. Thus the same reason for immunity from civil liability exists with respect to the acts of a subordinate official done in the exercise of his or her official functions. Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440; Gregoire v. Biddle, 2 Cir., 177 F.2d 579, certiorari denied 339 U.S. 949, 70 S.Ct. 803, 94 L. Ed. 1363; Love v. Snyder, 6 Cir., 184 F. 2d 840; Taylor v. Glotfelty, 6 Cir., 201 F.2d 51; De Busk v. Harvin, 5 Cir., 212 F.2d 143.

■ The plaintiff, however, contends that the defendant's acts were motivated by malice, and that the doctrine of immunity does not apply to this action. This contention is without merit. Since the acts of the defendant were done by her in the discharge of her official duties and in relation to matters committed to her for her official determination, her motives are immaterial. Spalding v. Vilas, supra; Cooper v. O'Connor, supra; Gregoire v. Biddle, supra; Yaselli v. Goff, 2 Cir., 12 F.2d 396, affirmed 275 U. S. 503, 48 S.Ct. 155, 72 L.Ed. 395. The reason for this rule is well stated in Gregoire v. Biddle, supra, 177 F.2d at page 581:

"* * * Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suf-

fered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. * * * "

It is my considered judgment that the complaint, answers to interrogatories and to requests for admissions and affidavits show that there is no genuine issue as to any material fact in this action, and that the complaint fails to state a claim upon which relief can be granted. Accordingly, the motion of the defendant for summary judgment under Rule 56 is hereby granted. Judgment shall be entered for the defendant.