Mario Pittont, J.
This is a motion pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice by one of the defendants, Dr. William H. Vickers, to dismiss the complaint for the alleged false imprisonment of the plaintiff by the defendants.
It is not clear from the complaint whether the cause of action is based on false imprisonment or on some other ground. But the plaintiff takes the position in his brief that it is based on false imprisonment, and he points out that Mr. Justice Pette *976 labeled it as such in a recent decision (on another issue not now involved, and reported 14 Mise 2d 1045).
The complaint is against the plaintiff’s wife and two physicians for a commitment of the plaintiff to the Buffalo State hospital from October 1, 1955 to January 23, 1956 on an order signed by Supreme Court Justice John Marsh on September 30, 1955. The two physician defendants are the two “ examining physicians ” who signed the certificate, pursuant to section 74 of the Mental Hygiene .Law, whereby the plaintiff was committed to the Buffalo State hospital for a period of 60 days for observation and treatment.
There are other allegations to be discussed later. But from a reading of the complaint it is difficult to determine what cause of action the plaintiff advances. Then too, the various paragraphs of the complaint alleging wrongdoing by the defendants are only conclusional statements and not factual statements required to show a cause of action. On- this ground alone a dismissal of the complaint is warranted.
Nowhere in the complaint is it shown that the proceedings were not conducted in accordance with section 70 et seq. of the Mental Hygiene Law; or that the September 30, 1955 order of commitment was not complete, regular and valid on its face; or that it has ever been attacked, vacated or set aside; or that it has ever been officially determined that the plaintiff was not so mentally ill as not to require commitment for observation or treatment. The only allegation in the latter respect is that “ Upon information and belief •* * * at the time of the presentation of the said petition aforesaid plaintiff was then and there sane and not mentally ill. ’ ’
The complaint that the order of September 30, 1955 was signed without a hearing, trial or inquest is without sufficient merit (Douglas v. State of New York, 184 Misc. 441, 443, affd. 269 App. Div. 521, affd. 296 N. Y. 530; Mental Hygiene Law, § 74, subds. 1, 4).
The allegation of malicious motives or the absence of probable cause is not essential in an action for false imprisonment and does not help to spell out such a cause (Marks v. Townsend, 97 N. Y. 590, 597; Traversara v. Pinelli, 140 N. Y. S. 2d 559).
The gist of an action for false imprisonment is unlawful detention (Al Raschid v. News Syndicate Co., 239 App. Div. 289, mod. 265 N. Y. 1; Sealy, Torts, § 116). So that imprisonment which is authorized by process regular on its face and which is issued by a court of competent jurisdiction is lawful, and cannot give rise to a cause of action for false imprisonment, even though the process was erroneously or improvidently *977 issued. It protects those securing the order resulting in the arrest or confinement and those who participated in the proceeding (Douglas v. State of New York, 184 Misc. 441, 444, affd. 269 App. Div. 521, affd. 296 N. Y. 530, supra; Warner v. State of New York, 297 N. Y. 395; Marks v. Townsend, 97 N. Y. 590, supra). In short, where the court authorizes an arrest or confinement it is the act of the court and not of the complainant, and there can he no charge against him for false imprisonment (Traversara v. Pinelli, 140 N. Y. S. 2d 559, 560, 561, supra).
If, perchance, the plaintiff should claim later that the complaint spells out a cause of action for malicious prosecution that contention must fall too. For a successful cause of action on that ground the plaintiff must show that the proceeding terminated in his favor (Hauser v. Bartow, 273 N. Y. 370, 375; Marks v. Townsend, 97 N. Y. 590, 595, supra). The complaint does not allege this. In fact, it states to the contrary: it shows that the State hospital kept him under observation long after the 60-day observation period, that is, for a total of approximately 115 days, then paroled him in the custody of his brother, but in the continued supervision of the hospital, and finally released him from hospital control and custody on August 23, 1956.
If the contention is made that the complaint spells out a cause of action for malicious abuse of process that too must fail. There is no allegation that the defendants did anything in respect to the proceeding or the process after process was issued (Dean v. Kochendorfer, 237 N. Y. 384, 390; Hauser v. Bartow, 273 N. Y. 370, 373, 374, supra).
The motion is granted and the complaint is dismissed.
Submit order.