■ Louis H. Fisher, Appellant, v. Arthur Kohn, Respondent.— In an action to recover damages for injuries to person and property, the plaintiff appeals from a judgment of the Supreme Court, Queens County, in his favor, for $600, entered May 27, 1958, after a nonjury trial of the issue of damages only, the defendant having conceded his liability. Plaintiff contends the award is inadequate. Judgment affirmed, with costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ Stephen Guzy, Appellant, v. Hazel M. Guzy et al., Respondents.— In an action to recover damages for false imprisonment, plaintiff appeals: (1) from an order of the Supreme Court, Queens County, dated February 18, 1959, which grants the motion of defendant Vickers (sued herein as Vickors) to dismiss the complaint as against him on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4); and (2) from so much of an order of said court, dated March 18, 1959, as denies plaintiff's motion for leave to serve an amended complaint upon all the defendants. Plaintiff was confined to a mental institution for treatment and observation on the petition of defendant Guzy, his former wife, and on the unverified certificate of the defendant physicians, Sherwood and Vickors, upon which an order of commitment was signed by a Supreme Court Justice. This action is brought against the said wife and physicians to recover damages for false imprisonment on the theory that plaintiff was sane at the time of his commitment and that the petition and certificates of defendants were false and fraudulent. Order of March 18, 1959, insofar as appealed from, and order of February 18, 1959, affirmed, without costs. (*Douglas* v. *State of New York*, 269 App. Div. 521, affd. 296 N. Y. 530; *Warner* v. *State of New York*, 297 N. Y. 395; *Fischer* v. *Langbein*, 103 N. Y. 84; *Mezullo* v. *Maletz*, 331 Mass. 233.) Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ Hylan Homes, Inc., Respondent, v. Hylan Terrace, Inc., Appellant. —In a special proceeding to obtain an injunction under section 964 of the Penal Law, Hylan Terrace, Inc. (the respondent below) appeals from a final order of the Supreme Court, Richmond County, entered June 29, 1960, granting petitioner's application to restrain said appellant, Hylan Terrace, Inc., from using its name or any simulation thereof in connection with its business. Order reversed on the law and the facts, with costs, and application denied, without costs, and without prejudice to a plenary action for an injunction and damages, if appellant be so advised. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. It does not appear that appellant (Hylan Terrace, Inc.) adopted its name for the purpose of capitalizing on petitioner's good will or with the intent of deceiving the public into believing that in doing business with appellant they were dealing with petitioner. Nor does it appear that in Staten Island the name " Hylan " has acquired such a secondary meaning that it is there understood to refer solely to petitioner's business. Nor does it appear that there is any present competition between petitioner and appellant. Material averments with respect to the intent to deceive and the likelihood of deceiving the public are substantially controverted. Under the circumstances, the granting of the summary remedy provided by section 964 of the Penal Law is unwarranted. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.