**Francis W. MYERS and Velma Myers, his wife, Plaintiffs,**

**v.**

**Jay CROMWELL et al., Defendants.**

**No. T–3930.**

United States District Court
D. Kansas.

March 17, 1967.

Norton & Norton, Salina, Kan., Klaas & Welliever, Phoenix, Ariz., Kenneth Peery, Concordia, Kan., for plaintiffs.

Newell A. George, U. S. Atty., Elmer Hoge, Asst. U. S. Atty., Topeka, Kan., for defendants.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

Plaintiffs here as owners of tracts of land in Lincoln County, Kansas undertook to participate in the Feed Grain and Wheat Stabilization and Wheat Diversion Programs carried on by the United States Department of Agriculture.

Final payments under the 1965 Feed Grain Program, the 1965 Wheat Diversion Program and the Farm Wheat Certificate Program were not made and because information came to the attention of the Lincoln A S C County Committee that a tenant was cash renting a portion of one of plaintiffs' farms, defendant Cromwell, the County Office Manager for the Committee was directed to write plaintiffs the following letter, dated June 11, 1965:

"The ASC County Committee would like to visit with you concerning the 1965 Wheat and Feed Grain agreements on Farm No. M-112.

It has come to their attention that there is a tenant on this farm and that the presently filed wheat and feed grain agreements for the farm do not take this into account.

Instructions for payment by this office for wheat certificates and feed grain price support payments explicitly state that such payments shall be divided among those persons who receive the crop. It appears that there is a misunderstanding *or* a misrepresentation with respect to the factors involved with this farm and those programs. Will you please arrange to meet with the county committee on June 25, 1965, at 9:00 AM or arrange for a *later* meeting date if that time is not convenient. It would be desirable if your tenant were also represented at this meeting. Your attention to this matter will be appreciated."

Plaintiffs thereafter, on November 22, 1965, filed an action against Cromwell for damages in which they alleged that:

"II. That on or about the 11 day of June, 1965, and on several occasions both prior and subsequent thereto, the Defendant JAY CROMWELL, and others, have maliciously spoken and written, to and in the presence of persons other than the Plaintiffs, certain false and defamatory statements concerning the Plaintiffs herein, to-wit; that the Plaintiffs have in the past made certain false and untrue 'misrepresentations' to the United States Department of Agriculture concerning certain crop land, farm practices, and farm program participation.

"III. That by the use and publication of said words and statements, the Defendants herein meant, intended to charge, and to be understood as charging that the Plaintiffs had been and were guilty of certain dishonorable and dishonest business practices."

Depositions of the parties have been taken, affidavits have been placed in the record by the defendant and the Court has heard the arguments and statements of counsel and has reviewed the briefs and written arguments filed by the defendant. No briefs or affidavits were filed by plaintiffs.

Defendant Cromwell has filed a motion to dismiss, or in the alternative for a summary judgment under Rule 56. Defendant has urged the Court to consider in determining the motion, the pleadings, the affidavits and the depositions of plaintiffs.

The Court will consider this case under the motion for summary judgment, and such motion may be filed at any time before trial and may be considered by the Court if its consideration can be determinative of the issues in the case. The Court is not limited when ruling on a motion for summary judgment to the bare pleadings on file, but in addition to the pleadings the Court may consider affidavits, admissions made in depositions in order to determine whether there is any genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. In considering the record under the Rule and its application an adverse party may not rest its case upon the mere allegations or denials in the pleadings, but their response, by affidavits or otherwise must set forth specific facts showing that there is a genuine issue for trial. In this case the plaintiffs have filed no affidavits and have submitted no briefs or written arguments.

Rule 56(c) directs that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. A defendant need not file answer to raise the issue of whether or not, in any event, the plaintiff is entitled to recover. If the Court determines under Rule 56(c) that plaintiffs under the facts stated in their complaint, cannot recover on any theory that might be presented under their pleadings, then the motion should be sustained.

It is true that before the Court can sustain a motion for summary judgment offered by defendant, he must find *first,* that there is absolutely no genuine issue of material fact existing in the action; *second,* that defendant is absolutely entitled to judgment as a matter of law in the action; and *third,* both of the above conditions must coexist in the action before the motion can be sustained.

The defendant contends that he is entitled to summary judgment because *first,* he is a government employee who occupies the position requiring the exercise of discretion, his duties and authority having been set out in affidavits attached to the motion, and among other things he is required to execute the policies established by the County Committee and be responsible for the day to day operations of the County Office of the A.S.C. He further contends that the record conclusively shows that he acted as a representative of the County A.S.C. Committee in the performance of his duties and that the basis of the claims made herein against him fall within the frame work and scope of his duties and as an employee of the Federal Government. He claims *second,* that the actions which form the basis of the present claims against him are within the frame work of his duties as set out in the controlling regulations, and that all of the acts of which complaint is made against him were performed in his capacity as County Office Manager of the

A.S.C., a governmental agency. He contends that the acts charged against him by plaintiffs were all performed by him in discharging his duties in his public office and there is, for such reason, no actionable publication of any libelous or slanderous material from which he is not immune from claims for damages. As a *third* reason why defendant's motion for summary judgment should be sustained, he contends that on the basis of the exhibits contained in the depositions and the statements and admissions made by the plaintiffs in their depositions, there were no false or malicious statements made by him in any way reflecting on plaintiffs and for this reason no damage resulted to them.

In actions of this kind the Court is required to determine a conflict that arises by reason of the doctrine of executive or official immunity on the one hand, and the protection of the individual citizen against damage caused by oppressive or malicious action of a public officer. The courts have consistently undertaken to shield responsible government officers from harassment and inevitable hazards of vindictive or ill-founded damage suits based on acts done in the exercise of their official responsibilities. See Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 3 L.Ed.2d 1434, and Gregorie v. Biddle, 177 F.2d 579, 581 (2 C.A.). Also Morgan v. Willingham, not reported, T-4113, December 14, 1966.

This Court is of the opinion that it need consider only the first and second contentions of the defendant.

The doctrine of official immunity has been applied by Federal Courts in suits brought against numerous officials for many different kinds of torts, and by the great weight of authority, the defendant here is entitled to summary judgment because officials of the Federal Government are not personally liable for alleged torts based upon acts, done within the scope of their duties, which necessarily involve the exercise of a judgment or discretion which public policy requires to be made without fear of personal liability. Ove Gustavvson v. Floete, 2 Cir., 299 F.2d 655, citing Barr v. Matteo (supra), Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454, Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780, Gregorie v. Biddle, (supra).

A case closely in point is that of Taylor v. Glofelty, 6 Cir., 201 F.2d 51, where the court held that where a psychiatrist in the official service of the Medical Center for Federal Prisoners, while acting within the scope of his duties as defined by law was not liable for damages in a civil action because he falsely stated that plaintiff was suffering from a form of insanity; the doctor was entitled to immunity even though the untrue statement was made maliciously and with ulterior motives. Also see the citation of similar suits for defamation collected in the footnote at 360 U.S. 572.

That such is the rule in this Circuit is supported by the decisions of Preble v. Johnson, 10 Cir., 275 F.2d 275, and Garner v. Rathburn, 10 Cir., 346 F.2d 55.

For the reasons stated, the Court must conclude that defendant Cromwell's defense of immunity is applicable to the facts in the record before the Court and that no genuine issue of material fact exists in the action, therefore the motion for summary judgment of the defendant J. Cromwell must be sustained.

Judgment will be entered accordingly.