# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1037

_____

| | | |
|---|---|---|
| Tara Davenport, by her legal guardian and natural mother, Jean Belt, et al., | * | |
| | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Young Men's Christian Association, et al., | * | |
| | * | **[UNPUBLISHED]** |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted:  October 22, 1999

Filed:  November 16, 1999

_____

Before WOLLMAN, Chief Judge, ROSS and LOKEN, Circuit Judges.

_____

PER CURIAM.

In December 1995, plaintiffs participated in a YMCA-sponsored tournament in Rapid City, South Dakota, as members of the Loneman School's girls' basketball team. The Loneman School team won its semi-final game against the Hermosa School. When the Loneman team and its coach returned to the gym for the championship game, two YMCA volunteers advised them of a complaint by the Hermosa School coach that the Loneman team included boys. To resolve this novel dispute, the female YMCA volunteer and a female chaperone for the Loneman team took the Loneman players,

who were all ten to twelve-year-old Native American girls, into a restroom where the girls demonstrated that each was in fact a female. The Loneman team then played in the championship game, and the tourney ended.

Two years later, the mothers of the Loneman School players, acting on their own behalf and as the girls' legal guardians, commenced this action against the Loneman School, the Custer School District (where the Hermosa School is located), and the YMCA and its tournament director. Plaintiffs alleged that the wrongful conduct of defendants during and after this incident made the girls feel depressed, humiliated, and embarrassed. Count 1 of the complaint asserted claims of invasion of privacy, intentional infliction of mental distress, mental anguish, unlawful imprisonment, and false arrest. Count 2 sounded in negligence. Count 3 alleged unlawful race, sex, and age discrimination in violation of federal law.

The district court[1] granted defendants summary judgment and dismissed plaintiffs' federal law claims, concluding that plaintiffs had failed to come forward with evidence tending to prove that the conduct of any defendant was motivated by race, sex, or age discrimination. The court granted summary judgment dismissing with prejudice all state law claims against the Loneman School on the ground that plaintiffs' exclusive remedy is under the Federal Tort Claims Act because the Loneman School is operated by the Oglala Sioux Tribe pursuant to a grant from the Bureau of Indian Affairs and is therefore deemed to be part of the BIA for FTCA purposes. See generally Big Owl v. United States, 961 F. Supp. 1304, 1307-08 (D.S.D. 1997). Finally, the court declined to exercise supplemental jurisdiction over plaintiffs' state law claims against the other defendants and dismissed those claims without prejudice.

---

[1]The HONORABLE RICHARD H. BATTEY, then Chief Judge now a Senior Judge of the United States District Court for the District of South Dakota.

Plaintiffs appeal all of these rulings except the dismissal of their age discrimination claims. Plaintiffs first argue that the district court erred in granting summary judgment before discovery was complete. This claim is without merit because plaintiffs fail to show that they sought a continuance from the district court to complete additional discovery that was necessary for a proper determination of the summary judgment motions. See Fed. R. Civ. P. 56(f); Dulany v. Carnahan, 132 F.3d 1234, 1238-39 (8th Cir. 1997). Regarding plaintiffs' tort claims against the Loneman School, we agree with the district court that the FTCA applies, but we have some doubt whether the FTCA forecloses plaintiffs' claims for unlawful imprisonment and false arrest. See 28 U.S.C. § 2680(h). However, even if these claims are outside the FTCA, we conclude that summary judgment dismissing them on the merits was appropriate. See Blitz v. Boog, 328 F.2d 596, 600 (2d Cir.) cert. denied, 379 U.S. 855 (1964). With regard to all other issues raised by plaintiffs on appeal, we affirm for the reasons stated by the district court in its Memorandum Opinion and Order dated October 29, 1998. See 8th Cir. R. 47B.

The judgment of the district court is affirmed. Plaintiffs' motion to supplement the record on appeal is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-