■ ROBERT VACCARINO, Respondent, v. BENJAM BUNTZIS, Defendant, and BAY SERVICE STATION, INC., Appellant.— Motion for reargument and for other relief denied, without costs. On the court's own motion, the decision handed down December 31, 1959 (9 A D 2d 959), is amended so as to extend, until 10 days after the entry of the order hereon, the plaintiff-respondent's time to stipulate to reduce the amount of the verdict in his favor from $50,000 to $30,000. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ ALEXANDER ACCARDI, Respondent, v. JOHN O'KEEFE, Appellant.— In an action to recover damages for injuries to person and property, the defendant appeals from an order of the Supreme Court, Kings County, entered April 30, 1959, denying his motion to dismiss the complaint for lack of prosecution. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ SALVATORE ALBICOCCO, Respondent, v. VINCENT NICOLETTO, Appellant.— In an action to recover damages for assault and battery in which it is alleged that defendant assaulted plaintiff by shooting him with a pistol, inflicting serious and permanent injuries, the defendant appeals from an order of the Supreme Court, Suffolk County, entered November 13, 1959, which granted plaintiff's motion to strike out, as insufficient in law, the first separate defense pleaded in defendant's answer. Order affirmed, with $10 costs and disbursements. The defense which was struck out pleaded: (1) that plaintiff subjected defendant to a long course of conduct which defendant characterizes as " arrogant, * * * haughty, * * * overbearing, * * * insulting ", but which did not involve any physical assault or mistreatment; (2) that plaintiff's conduct was calculated to upset defendant emotionally, to make him lose his sense of proportion and to drive him to temporary insanity and to violent reaction; (3) that plaintiff intended such result; and (4) that because of the acts of plaintiff, the defendant became temporarily unbalanced and deranged, in consequence of which he committed the assault complained of. The defense pleaded did not allege that defendant was insane to such extent as to be unable to entertain an intent to commit the assault complained of; or that he did not understand the nature of his act; or that it was wrong. Nor did it allege that plaintiff intended to bring about an assault of the character described in the complaint or that plaintiff voluntarily and knowingly exposed himself to such an assault. In our opinion the defense as pleaded was insufficient. Defendant, even if temporarily insane as alleged in his answer, was, nevertheless, responsible for the assault complained of to the same extent as though he were sane (cf. *Williams* v. *Hays*, 143 N. Y. 442), and hence the allegations of the answer which were struck out were insufficient as a justification or defense. No provocative act, conduct, insult, or word, if unaccompanied by an overt act of hostility, will justify an assault, no matter how offensive or exasperating the provocative conduct may be (3 N Y Juris., Assault & Battery, § 12 and cases cited). The allegations which were struck out were properly permitted to remain as a partial defense in mitigation of damages. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.