Cynthia GALE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

John F. GALE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. Nos. 77-2130-1, 77-2132-1.

United States District Court,
D. South Carolina,
Charleston Division.

Oct. 9, 1981.

Samuel L. Svalina and Ralph E. Tupper, Dowling, Sanders, Dukes, Novit & Svalina, Beaufort, S. C., for plaintiffs.

Cameron M. Currie, Asst. U. S. Atty., Columbia, S. C., for defendant.

## ORDER

FALCON B. HAWKINS, District Judge.

This matter is before the court on the defendant's motion for reconsideration of the Order of June 20, 1980, denying defendant's motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The United States has reiterated its position that this court has no subject matter jurisdiction over the plaintiffs' claims because they are barred by 28 U.S.C. § 2680(h). That statutory provision precludes recovery under the Federal Tort Claims Act for "any claim arising out of assault [or] battery."

These causes of action arose out of the rape of plaintiff Cynthia Gale by an off-duty Marine Gunnery Sergeant in Beaufort, South Carolina. The plaintiffs contend that the injuries which they have sustained were proximately caused by the government's negligence in its administration of medical treatment to and military supervision over the Marine. The government has argued that by phrasing their complaints in terms of negligence, the plaintiffs are merely attempting to circumvent the assault and battery exclusion of the Tort Claims Act.

By Order of June 20, 1980, this court denied the government's motion to dismiss. The court held that 28 U.S.C. § 2680(h) is not a bar to a Federal Tort Claims action where the government employee is acting outside the scope of his employment at the time of his tortious conduct. *Gale v. United States*, 491 F.Supp. 574 (D.S.C.1980).

The government has now moved the court to reconsider its earlier decision, rely-

ing on *Hughes v. United States,* 662 F.2d 219 (4th Cir. 1981), *aff'g Hughes v. Sullivan,* 514 F.Supp. 667 (E.D.Va., 1980). In *Hughes* the Fourth Circuit affirmed the district court's holding that plaintiffs' claim for negligent retention of a child molester in the position of mail carrier was in reality a suit for the intentional tort of assault and battery and thus barred by 28 U.S.C. § 2680(h). The district court found that:

The alleged negligence of the government employee in retaining [the postman] was not the proximate cause of the assault. The proximate cause of the assault is the wilful and intentional act of [the postman]. Plaintiffs assert their claims against [the postman] and the United States jointly. The complaint alleges the assault was made by [the postman], acting in his capacity as an employee of the United States. The basis of the negligence is that of [the postman], not of the postmaster in retaining [the postman], in the service. True, the third count does allege that the United States had knowledge of indecent conduct on the part of [the postman] in 1974, but kept him in its employ, and refused a request of others to transfer [the postman] to another position; that the negligent keeping of him in his employment and the failure to transfer was the proximate cause of the assault. But there would have been no assault except for the separate and independent acts of [the postman]. Without his independent assault there would be no cause of action. It is to this action the statute does not waive immunity. [at 670].

The Fourth Circuit specifically affirmed "for reasons adequately stated by the district court."

This court has once again carefully reviewed the case law construing the assault and battery exception of 28 U.S.C. § 2680(h). There is no doubt that the Fourth Circuit in *Hughes* has now accepted the majority rule in refusing to allow an

action against the government where the assailant is a government employee.[1] *See, e. g., Naisbitt v. United States,* 611 F.2d 1350 (10th Cir. 1980), *and cases cited therein.* Thus, this court reluctantly agrees that the plaintiffs' claims must be dismissed because the United States has not waived its immunity for such claims. Accordingly, the Order of June 20, 1980, is vacated and the instant cases are hereby dismissed with prejudice.

---

1. Neither the district court nor the Fourth Circuit mentioned the scope of employment distinction relied upon by this court in refusing to dismiss these cases. *Gale v. United States, supra.*