**Melissa JOHNSON, an infant by Barbara JOHNSON, her mother and natural guardian and Barbara Johnson, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 84 C 1406.**

United States District Court, E.D. New York.

Oct. 10, 1984.

Richard Frank, P.C., New York City, for plaintiffs.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Kevin P. Simmons, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant.

NICKERSON, District Judge.

Plaintiffs filed this complaint pursuant to the Federal Tort Claims Act (the Act), 28 U.S.C. § 1346(b), alleging that the negligent supervision of government employees caused their injuries. Defendant brings this motion to dismiss and for summary judgment pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure on grounds of sovereign immunity. Because it lacks subject matter jurisdiction, the court does not reach the merits of defendant's motion.

The Act permits suits against the government for certain torts committed by government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). However, the Act requires the presentation of a claim to the appropriate federal agency and a final denial of that claim as a prerequisite to starting an action in federal court. 28 U.S.C. § 2675(a).

Plaintiffs filed a complaint on Standard Form 95 with the United States Postal Service. Their complaint alleged that because of acts occurring on "6/3/82 and various dates prior thereto" the plaintiffs suffered personal injuries. Paragraph 11 of Standard Form 95 asks for a description of the accident including "all known facts and circumstances attending the damage, injury, or death, identifying persons and property involved and the cause thereof." Plaintiffs completed Paragraph 11 as follows: "Melissa Johñson was sexually molested, assaulted, and, on information and belief, sodomized and threatened by Postman Luis Ojeda. Barbara Johnson sustained damage for medical and psychological treatment and loss of services."

The Postal Service denied plaintiffs' claims, first, because the incident described "occurred while Mr. Ojeda was acting outside the scope of his employment." Second, the agency denied the claim stating that:

The incident you describe as the basis of your claim is an assault and battery. While Congress has generally waived the Government's immunity for certain wrongful acts of its employees commited (sic) within the scope of their employment, Congress has specifically provided, in 28 U.S.C. 2680(h), that the Government's immunity from suit and from considering claims for personal injury has

not been waived for any claim arising out of an assault and battery.

Plaintiffs then brought this action. Plaintiffs' complaint does not allege assault and battery. While it alleges that Ojeda sexually molested, sodomized and threatened the plaintiff, the theory of this complaint is that defendant had "notice or knowledge of Ojeda's criminal and perverted propensities" and that defendant's negligence in employing, assigning and supervising Ojeda caused plaintiffs' injuries.

■ Section 2675(a)'s requirement that claimants present their tort claims to the relevant federal agency before suing in federal court is jurisdictional and cannot be waived. *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). Filing an administrative complaint before filing a civil suit permits the agency best informed about the activity which gave rise to the claim to investigate, evaluate and possibly settle a claim without need for litigation. *See* S.Rep. No. 1327, 89th Cong., 2d Sess. 7, *reprinted in* 1966 U.S.Code Cong. & Ad. News 2515, 2517. This purpose requires that the claim bring "to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.1980). The burden is on the claimant to provide adequate factual details of the nature of the claim at the agency level. *See Keene*, 700 F.2d at 842. Because the act waives sovereign immunity, this presentment requirement must be strictly adhered to. *Id.* at 841. Provided the administrative complaint fairly apprises "the Government of the facts leading to the claimant's injury, new theories of why those facts constitute tortious conduct can be included in a federal court complaint." *Rise*, 630 F.2d at 1071.

■ Plaintiffs' administrative complaint made no factual allegations even hinting of negligent supervision. It alleged only that Ojeda assaulted, threatened and molested the infant plaintiff. It did not allege that anyone other than Ojeda might be culpable for their injuries. Nor did it allege that any defendants knew, or had reason to know, of Ojeda's propensities, or that any defendant failed to exercise reasonable care in supervising or continuing to employ Ojeda. Yet these are factual elements necessary to a claim of negligent supervision under the relevant New York law. *See, e.g., McCrink v. City of New York*, 296 N.Y. 99, 71 N.E.2d 419 (1947). Section 2675(a)'s presentment requirement means that a plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts." *Dundon v. United States*, 559 F.Supp. 469, 476 (E.D.N.Y.1983).

This action is distinguishable from those in which courts have exercised jurisdiction even though the federal complaints raised different theories of liability from those suggested by the administrative complaints. In those cases, the administrative complaints set forth facts sufficient to warrant agency investigations, which in turn should have produced evidence to put the agency on "constructive notice" of other theories of liability. *See, e.g., Rise*, 630 F.2d 1068; *Rooney v. United States*, 634 F.2d 1238 (9th Cir.1980).

In this action, it is likely that plaintiffs' administrative complaint never triggered an agency investigation since it alleged only that one government employee committed an assault and battery. Indeed, in denying plaintiffs' claim the agency merely cited 28 U.S.C. § 2680(h), which specifically provides that the government has not waived its immunity from suit for claims arising out of assault and battery.

Because plaintiffs failed to comply with the presentment requirement of section 2675(a), this court lacks jurisdiction to entertain the complaint now. *See, e.g.; Bush v. United States*, 703 F.2d 491, 495 (11th Cir.1983) (court lacks jurisdiction over claim of lack of informed consent since administrative complaint alleged only negligent medical treatment); *Heaton v. United States*, 383 F.Supp. 589 (S.D.N.Y.1974) (court lacks jurisdiction over wife's claim

for loss of services since administrative complaint alleged only husband's personal injury). The complaint is dismissed. So ordered.