Joshua Alexander MIELE, an infant, by his father and mother, his joint and several guardians, Jean G. MIELE and Isabella Miele, and Jean Miele individually and derivatively, Plaintiffs-Appellants,

v.

UNITED STATES of America, Basilio Bouza, Felipe Bouza, Clara Bouza and Bouza Realty Corp., Defendants-Appellees.

No. 900, Docket 85–6403.

United States Court of Appeals, Second Circuit.

Argued March 12, 1986.

Decided Sept. 3, 1986.

---

* Honorable Oscar H. Davis of the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

William Fireman, New York City (Julien & Schlesinger, P.C., New York City, of counsel) for plaintiffs-appellants.

Frederick M. Lawrence, Asst. U.S. Atty., S.D.N.Y., New York City, (Rudolph W. Giuliani, U.S. Atty., Steven E. Obus, Asst. U.S. Atty., New York City, of counsel) for defendants-appellees.

Leahy & Johnson, New York City, for defendant-appellee Bouza Realty Corp.

Before KEARSE, CARDAMONE and PIERCE, Circuit Judges.

CARDAMONE, Circuit Judge:

Recently, a plurality of the Supreme Court stated that a plaintiff assaulted by a government employee may not frame his complaint against the United States in terms of negligent failure either to prevent the injury or to supervise the government employee. *United States v. Shearer,* — U.S. —, 105 S.Ct. 3039, 3042, 87 L.Ed.2d 38 (1985). We adopted this plurality position in *Johnson v. United States,* 788 F.2d 845 (2d Cir.1986), and held that the plain language of 28 U.S.C. § 2680(h) (1982) prohibits a plaintiff from dressing an assault and battery suit in negligence clothing by claiming the government negligently failed to supervise its employee.

This appeal raises only two issues. The first is the same one we ruled on in *Johnson.* The second is the contention that because the government employee in question was insane at the time of the act, he was incapable of forming the necessary

intent to commit the assault, and the intentional tort exception to the government's waiver of sovereign immunity is inapplicable in this case. We are aware of how tragic the circumstances of this case must be for the infant plaintiff and his parents. But Congress has made it clear that responsibility for this sort of tortious activity may not be laid at the doorstep of the United States.

Plaintiffs, Joshua Alexander Miele, an infant, and his parents, Jean and Isabella Miele, appeal from a November 4, 1985 order of the United States District Court for the Southern District of New York (Broderick, J.) dismissing their Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (FTCA or the Act), suit against the United States for lack of subject matter jurisdiction. We affirm.[1]

I

The facts are largely undisputed. Defendant Basilio Bouza, a soldier in the United States Army, had been absent from the Army without leave (AWOL) since September 10, 1973. On October 5, 1973 Bouza threw sulphuric acid into the face of four year-old Joshua Miele blinding him permanently and disfiguring his face. Plaintiffs maintain that even prior to this incident Bouza had consistently indicated general hostility toward the Mieles and to Joshua. In particular he threw a brick through the Miele's window and hurled a "Molotov cocktail" in their backyard ostensibly to set the house on fire. In their complaint plaintiffs allege that the Army negligently failed to: (1) appreciate Bouza's paranoid schizophrenic mental state; (2) adequately supervise him; and (3) warn plaintiffs of Bouza's delusionary preoccupation toward them. Plaintiffs further allege that the Army knew or should have known that Bouza presented an imminent threat to the Miele family.

---

1. The other named defendants, in addition to the United States, are Basilio Bouza, Felipe Bouza, Clara Bouza and Bouza Realty Corp. Plaintiffs appeal from a second order of Judge Broderick which dismissed the complaint against these defendants for lack of pendent jurisdiction. Plaintiffs do not contest the propriety of this dismissal in the event we affirm the dismissal against the United States.

Bouza was tried in the New York State Supreme Court, Kings County, in 1975 on two counts of criminal assault and battery arising from the incident. The court in acquitting him by reason of insanity stated that at the time of this incident Bouza suffered "from a defect of reason, and possessed an unreality of his surroundings and the consequences of his act."

## II

### A. *Intentional Tort, Not Negligence Claimed*

We turn briefly to the first issue. The FTCA's waiver of sovereign immunity does not apply to "[A]ny claim *arising out* of *assault, battery*, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added). The intentional tort exception to the Act bars not only claims *for* assault and battery, but also any claim *arising* out of the assault and battery. "[I]t is inescapable that the phrase 'arising out of assault [or] battery' is broad enough to encompass claims sounding in negligence." *Shearer*, 105 S.Ct. at 3043.

Allowing claims against the government that are stated in negligence, but actually arise from an assault and battery would defeat Congress' purpose to bar suits against the government for injuries *caused* by a government employee's commission of an assault and battery. *Johnson*, 788 F.2d at 850. "These cases demonstrate that although § 2680(h) deals primarily with intentional torts and the general policy of the FTCA is to permit negligence suits, the provision nonetheless has been interpreted to except claims based on negligence leading to intentional torts." *Id.* at 852.

### B. *Regardless of Employee's Mental Incapacity, Sovereign Immunity Not Waived For Intentional Tort*

Appellants' other claim, not specifically decided in *Johnson*, is that the intentional tort exception does not apply in this case.

Because Bouza was adjudicated insane, appellants assert that he was not capable of forming the intent necessary to commit an assault, appellants assert that the action against the government could not arise out of an assault and battery and should not have been dismissed. The district court rejected appellants' argument that the insanity finding rendered inapplicable the assault and battery exception to the government's waiver of sovereign immunity. Regardless of Bouza's insanity, the court found that disfigurement of Joshua Miele was caused by a "classic assault."

We agree and affirm the dismissal of plaintiffs' action against the United States. We reach this conclusion for two reasons. First, in effect appellants ask us to hold that the mental incapacity of a government employee creates a waiver of sovereign immunity where the tortious conduct itself—absent the employee's insanity—would otherwise have fallen within one of the FTCA's express exemptions from that waiver. Despite sympathy for plaintiffs' plight, this proposition will not withstand scrutiny. The government is not liable for the intentional torts of its employees. Since the government has exempted itself from liability in a case where one of its employees viciously attacks another, its fault or involvement in such conduct does not change depending upon whether the aggressor was sane or insane at the time. As the Supreme Court said in *Shearer*, "it appears that congress believed that § 2680(h) would bar claims arising out of a certain type of *factual situation*—deliberate attacks by government employees." 105 S.Ct. at 3042 (emphasis added). While an insane employee may or may not be less culpable personally for such attacks, the question of whether the injury was perpetrated deliberately or accidentally does not depend upon the employee's sanity. In either case, the government has declined to expose itself to liability for this type of an attack. "Congress was advised by the Department of Justice that the exception would apply 'where some agent of the government gets in a fight with some fellow ... [A]nd socks him.' " *Id.* (quoting

Tort Claims: Hearings on H.R. 5373 and H.R. 6463 before the House Committee on the Judiciary, 77th Cong. 2d Sess., 33 (1942)). In the instant case Bouza, an AWOL soldier—a government employee—attacked another, which is precisely the type of conduct for which the government has exempted itself from liability.

Second, even were we to agree with plaintiffs' proposition that in order to hold the government immune a defendant must be capable of being found civilly liable for assault, such would not aid their cause. The common law and—more specifically for our purposes—New York law ordinarily hold the perpetrator of an assault and battery civilly liable regardless of that person's sanity.

The rule that one who suffers from deficient mental capacity is not immune from tort liability solely for that reason has roots stretching back several centuries into the early common law. W.L. Prosser, *The Law of Torts* § 135 (4th ed. 1971). Several reasons support the rule—between two innocent persons who must suffer loss, liability should rest on the one who causes it. The custodians of the mentally ill will thus be encouraged to restrain them from injuring others. Additionally, courts are hesitant to introduce into the civil law the confusion surrounding proof of insanity which already exists in criminal law. *See id.* at pp. 1000–01; 4 *Restatement (Second) of Torts,* § 895 J (1977).

The gravamen of an action for assault and battery under New York law is the intent to make contact. *Maines v. Cronomer Val. Fire Dept.,* 50 N.Y.2d 535, 547, 429 N.Y.S.2d 622, 407 N.E.2d 466 (1980); *Masters v. Becker,* 22 A.D.2d 118, 119–20, 254 N.Y.S.2d 633 (2d Dep't 1964). Concededly, such intent is necessary in order to hold an individual liable, but liability attaches in New York regardless of defendant's mental deficiency. *Williams v. Hays,* 143 N.Y. 442, 446, 38 N.E. 449 (1894) ("The general rule is that an insane person is just as responsible for his torts as a sane person...."); *Hirsch v. Mastroianni,* 80 A.D.2d 633, 634, 436 N.Y.S.2d 87 (2d Dep't

1981) ("[I]t is hornbook law that an insane person is liable for his torts...."); *Albicocco v. Nicoletto,* 11 A.D.2d 690, 690, 204 N.Y.S.2d 566 (2d Dep't 1960), *aff'd,* 9 N.Y.2d 920, 921, 217 N.Y.S.2d 91, 176 N.E.2d 100 (1961) (A defendant, even if temporarily insane, is responsible for an assault to the same extent as though he were sane).

Thus, since Bouza could have been liable for civil assault regardless of his sanity his assault and battery perpetrated against the infant plaintiff in this case was an intentional tort. Therefore, the § 2680(h) exception to the waiver of sovereign immunity applies.

Judgment affirmed.