**Ellis Luciean MARSHALL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 99 CIV. 3877.**

United States District Court, S.D. New York.

May 29, 2003.

Ellis Luciean Marshall, c/o Evar Nickles, Trinidad, West Indies, for Ellis Luciean Marshall, plaintiff.

Danielle A. Gentin, United States Attorney, Southern District of New York, New York, for United States, defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Ellis Marshall ("Marshall") brought an action against the United States of America (the "Government") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 *et seq.* (the "FTCA" or the "Act") in connection with certain injuries he suffered following an assault by another inmate at the federal Metropolitan Correctional Center in New York. On January 29, 2003, the Court issued a Decision and Order[1] granting the Government's motion for summary judgment (the "Order").

The Order was entered into the Court's docket on February 5, 2003.

On May 2, 2003, the Court's Pro Se office received from Marshall a notice of appeal (the "Appeal"), a request to file the notice untimely pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure (the "Request"), and an application to appeal in forma pauperis. Because the United States is a party to the instant matter, Marshall had until April 7, 2003 to file the Appeal pursuant to Fed. R.App. Pro. 4(a)(1)(B),[2] and until May 5, 2003 to file the Request pursuant to Fed. R.App. Pro. 4(a)(5)(A). Thus, Marshall's filing of the Appeal was untimely, but his filing of the Request was timely.

However, Fed. R.App. Pro. 4(a)(5)(A)(ii) adds the requirement that a request for extension of time for filing a notice of appeal must be made "upon a showing of excusable neglect or good cause." The only reason Marshall offers for his tardiness in the Request is that he had also sued for negligence, thus implying that the negligence claim was ignored by the Court. However, in the Order, the Court clearly noted that it was granting the Government's motion for summary judgment because "[c]ourts in this Circuit have held uniformly that § 2680(h) of the FTCA 'prohibits claimants from clothing assault and battery actions in the garb of negligence by claiming negligent failure to prevent [an] attack.'" *Marshall,* 242 F.Supp.2d at 398 (quoting *Johnson v. United States,* 788 F.2d 845, 850 (2d Cir. 1986), *cert. denied,* 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986)). Thus, this matter has already been addressed by the Court, and Marshall's implication that it was not discussed does not meet the Sec-

---

1. The Decision and Order are reported at *Marshall v. United States,* 242 F.Supp.2d 395 (S.D.N.Y.2003).

2. April 5, 2003 was a Saturday, and therefore excluded from the computation period pursuant to Rule 6 of the Federal Rules of Civil Procedure.

ond Circuit's conservative interpretation of "excusable neglect or good cause." *See In Re O.P.M. Leasing Services, Inc.,* 769 F.2d 911, 917 (2d Cir.1985) ("a loose interpretation of 'excusable neglect' would convert the 30–day period for appeal provided in [Rule] 4(a) into a 60–day one—a result clearly not intended by the Rule's framers."); *Johnson v. Fleming,* No. 95 Civ. 1891(JFK), 1997 WL 266978, at *2 (S.D.N.Y. May 19, 1997) (denying motion to extend time for filing a notice of appeal because plaintiff did not make sufficient showing of excusable neglect or good cause). Accordingly, it is hereby

**ORDERED** that Ellis Marshall's request to file the notice untimely pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure is DENIED.

SO ORDERED.