**Robert C. GUCCIONE,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**No. 662, Docket 87–6207.**

United States Court of Appeals,
Second Circuit.

June 9, 1989.

Before OAKES, Chief Judge,
NEWMAN and MINER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Appellant has petitioned for rehearing of our decision in *Guccione v. United States*, 847 F.2d 1031 (2d Cir.1988), contending that the subsequent decision of the Supreme Court in *Sheridan v. United States*, —— U.S. ——, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988), obliges us to reinstate his claim. We disagree.

*Sheridan* concerned a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680 (1982), brought by plaintiffs who had been wounded during the shooting escapade of an off-duty serviceman. Seeking to avoid the bar of the intentional tort exception to the FTCA, *id.* § 2680(h), the plaintiffs sought to hold the United States liable because of the negligence of three naval corpsmen in permitting the assailant to leave a naval hospital with a weapon in his possession. The corpsmen had found the assailant face down in a drunken stupor on the floor of the hospital. The Supreme Court ruled that the intentional tort exception was inapplicable because, though the assailant was an employee of the United States, his employment status "ha[d] nothing to do with the basis for imposing liability on the Government." 108 S.Ct. at 2455. The Court pointed out that the negligence of the three naval corpsmen "may furnish a basis for Government liability that is entirely independent of [the assailant's] employment status." *Id.* Their conduct could cast liability upon the Government even if the person they had permitted to leave the hospital with a weapon had no connection whatever with the United States.

*Sheridan* does not aid Guccione. His claim is based on the negligence of the United States in failing to supervise Melvin Weinberg in his role as an undercover operative in the Abscam investigation. Manifestly, Weinberg's role in relation to the United States is at the heart of Guccione's claim. Though the naval corpsmen in *Sheridan* may have had a duty to take reasonable steps to prevent any drunken person from leaving their hospital with a

weapon, the only duty possibly owed to Guccione by the Government agents with responsibilities for the Abscam investigation was to exercise reasonable care in the supervision of those persons acting in some way to carry out the governmental objectives of that investigation. Weinberg, unlike the assailant in *Sheridan*, was carrying out the Government's business during the episode in which he allegedly injured the tort plaintiff, even though he may have exceeded the bounds of proper conduct in the particular way he chose to carry out his assignment. Any negligent supervision on the part of those supervising the Abscam investigation is not "entirely independent" of the relationship between Weinberg and the United States, whether or not Weinberg's status was technically that of an "employee." In such circumstances, the negligent supervision claim encounters the obstacle of the intentional tort exception.

The petition for rehearing is denied.