Owen **KUGEL**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 90–5185.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 3, 1991.
Decided Nov. 5, 1991.

Faithe Moore, of the Bar of Supreme Court of Pennsylvania, Philadelphia, Pa., pro hac vice, by special leave of the court, with whom Edgar James, Washington, D.C., was on the brief, for appellant.

Charles L. Hall, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MIKVA, Chief Judge, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LECRAFT HENDERSON, Circuit Judge:

Appellant Owen Kugel appeals from a district court judgment dismissing his claim for damages against the United States brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) *et seq.* (FTCA). According to Kugel, agents of the Federal Bureau of Investigation (FBI) negligently initiated and conducted an investigation of his business practices in North Carolina. Although Kugel was ultimately absolved of any criminal conduct, he contends that as a result of the investigation he was forced to declare bankruptcy and suffered stress-related seizures. The district court granted the government's motion to dismiss, holding that Kugel's suit falls within the excepting language of section 2680(h) of the FTCA and is therefore barred. On appeal, Kugel also asserts that the government's motion to dismiss should not have been granted because the facts alleged in his complaint support a claim of false light invasion of privacy. For the reasons set forth below, we affirm the district court.

## I.

We review the district court's decision to dismiss Kugel's complaint *de novo.* *See Meaige v. Hartley Marine Corp.*, 925 F.2d 700 (4th Cir.1991). In performing the review, we construe the facts in the light most favorable to the plaintiff and, if we are satisfied that he can prove no set of facts in support of his claim entitling him to relief, the dismissal of the complaint will be affirmed. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *see also Samuels v. District of Columbia*, 770 F.2d 184, 192 (D.C.Cir.1985). Viewed in the light most favorable to Kugel, his complaint alleges that in 1985 he entered into contracts with twenty-one North Carolina cities whereby he agreed to bring "downtown development to each locale" in exchange for a

$5,000 per month management fee. *See* Complaint, *Kugel v. United States*, No. 89–2650 ¶ 9 (D.D.C. Apr. 25, 1990). In March 1986, FBI Special Agent Everett Whatley initiated an investigation into Kugel's activities, apparently after reading various newspaper accounts of Kugel's business ventures. On April 24, 1986, Kugel and his counsel met with Whatley and an assistant United States attorney and agreed to cooperate fully in the fraud investigation. Two weeks later, on May 9, 1986, the United States Attorney for the Eastern District of North Carolina informed Kugel by letter that an expedited investigation had been terminated and that his office had concluded that Kugel's business dealings "were not predicated on a criminal intent to defraud." *Kugel v. United States*, C.A. No. 89–2650, slip op. at 2 (D.D.C. Apr. 25, 1990).

During the course of the investigation, Special Agent Whatley interviewed many parties to the various contracts. Several North Carolina periodicals and one wire service, the Associated Press, carried articles about the investigation including statements by the government about the nature of the investigation, its length and its inquiry into mail or other fraud. After the investigation had ended and in response to an inquiry from the FBI's Baltimore office, the FBI office in Charlotte, North Carolina, sent a memorandum to the Baltimore office repeating the allegations without mentioning the fact that Kugel had been cleared.

In his complaint, Kugel alleges that as a result of the FBI's "negligent conduct" during the course of its investigation, several North Carolina municipalities either cancelled their contracts, withheld their fee or filed suit.[1] Kugel also claims that financial institutions refused to continue to do business with him and that these losses forced him to file for chapter 11 bankruptcy in November 1987. He was later ordered into chapter 7 bankruptcy in 1988, leaving him without business or personal assets. Finally, Kugel alleges that as a result of the investigation he was subjected to public ridicule and humiliation causing stress-related seizures that required medication and hospitalization.

## II.

▮ The United States is immune from suit absent an express waiver of its sovereign immunity. *See United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Although Congress has waived the government's immunity with respect to damages or injuries caused by the "negligent or wrongful act or omission of a government employee acting within the scope of employment," *see* 28 U.S.C. § 1346(b), it has not waived immunity for every type of tort. One of the exceptions contained in the FTCA is the "intentional tort" exception. It provides that immunity is not waived as to:

> Any claim arising out of assault, battery, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights....

§ 2680(h). Thus, we must decide whether Kugel's complaint states a claim resulting solely from the defamatory acts of government agents, in which case the intentional torts exception bars it, or whether he asserts a distinct negligence claim cognizable under the FTCA.

The Second Circuit has accurately noted that "[t]he task of maintaining the FTCA's jurisdictional boundary has been more difficult in practice than is suggested by the statute's facially neat distinction between claims sounding in negligence and those 'arising out of' the enumerated intentional torts." *See Guccione v. United States*, 847 F.2d 1031, 1033 (2d Cir.1988), *reh'g denied*, 878 F.2d 32 (1989), *cert. denied*, 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990). Decisions from our circuit and others, however, adequately guide our disposition of this appeal.

In *Art Metal–U.S.A., Inc. v. United States*, 753 F.2d 1151 (D.C.Cir.1985), we held that a litigant may not substitute the

---

1. In his complaint and on brief, Kugel had alleged that Special Agent Whatley was negligent in the initiation as well as the execution of the investigation. At oral argument, however, his counsel conceded that Whatley's initiation of the investigation was proper.

name of a cause of action not included in section § 2680(h) for one that is included where the alleged breach of duties in the two claims is identical. *Id.* at 1154–55 (duty not to interfere with economic relationship with third parties is indistinguishable from duty not to interfere with contract rights). Here Kugel's complaint appears to allege a claim other than defamation. In assessing the nature of his claim, however, we must scrutinize the alleged cause of his injury. *See Block v. Neal,* 460 U.S. 289, 297, 103 S.Ct. 1089, 1093, 75 L.Ed.2d 67 (1983) (examining which of plaintiff's two alleged FTCA claims actually caused her injuries). It appears to us that the cause of Kugel's injury was not the FBI's execution of the investigation but its dissemination of information associated with the investigation.

This conclusion finds support in Supreme Court precedent. In *United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), the Court barred recovery under the FTCA based on a claim of negligent supervision of a serviceman who committed assault and battery. The Court reasoned:

> Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault and battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee.

*Id.* at 55, 105 S.Ct. at 3041. (emphasis in original). In our view the *Shearer* language can be directly applied to Kugel's allegations by substituting the word "defamation" for "assault and battery." The

fact that in *Shearer* the plaintiff alleged negligent supervision of an employee while Kugel claims negligent execution of an investigation does not alter its applicability.[2] In both cases it is the intentional nature of the alleged torts that bars recovery.

■ Were we to hold that Kugel's claim does not arise out of defamation, his FTCA action would nonetheless fail. To recover under a theory of negligence, Kugel must establish a breach of a duty owed him by the government. Kugel relies on *The Attorney General's Guidelines on Criminal Investigations of Individuals and Organizations* ("*Guidelines*") to establish a duty. This internal Department of Justice document mandates that agents exercise minimal intrusiveness during an investigation to protect an investigative target from prosecution for improper reasons, from adverse consequences to privacy interests and from avoidable damage to reputation. *Guidelines,* preamble, IC(4), ID(4). Kugel maintains that this portion of the Guidelines created a duty owed him by Whatley and that Whatley breached that duty in his execution of the investigation.

The Guidelines do not, however, create a duty in favor of the general public. In *Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685, *reh'g denied,* 451 U.S. 1032, 101 S.Ct. 3023, 69 L.Ed.2d 401 (1981), the Supreme Court held that intra-office manuals, unlike official regulations, have no legal force. *Id.* at 789, 101 S.Ct. at 1471. In *Schweiker,* a Social Security Administration employee's failure to advise the plaintiff to file an application for benefits was deemed insufficient to estop the government from denying the plaintiff retroactive benefits despite an internal

---

**2.** Several decisions from other circuits have held that an intentional tort arising out of negligent supervision by the government does not constitute an independent claim under the FTCA. *See, e.g., Thigpen v. United States,* 800 F.2d 393, 395–96 (4th Cir.1986) (negligent supervision claim based on naval hospital employee's sexual molestation of two minors barred by assault and battery exception); *Miele v. United States,* 800 F.2d 50, 52 (2d Cir.1986) (negligent supervision claim where soldier threw sulphuric acid into child's face barred by assault and battery exception); *Hoot v. United States,* 790 F.2d 836, 838 (10th Cir.1986) (claim based on

negligent refusal of serviceman's request for mental examination and treatment where serviceman violently assaulted plaintiff barred by assault and battery exception); *Satterfield v. United States,* 788 F.2d 395, 399 (6th Cir.1986) (wrongful death claim based on Army's negligent failure to supervise serviceman who beat and killed another serviceman barred by intentional tort exception); *Johnson v. United States,* 788 F.2d 845, 850–51 (2d Cir.), *cert. denied,* 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986) (negligent supervision claim based on postman's sexual assault on infant barred by assault and battery exception).

agency document making such advice mandatory. Although *Schweiker* did not involve an FTCA claim, the Ninth Circuit recently relied on *Schweiker* in concluding that the violation of internal guidelines does not result in a breach of duty cognizable under the FTCA. In *Jacobo v. United States*, 853 F.2d 640 (9th Cir.1988), the court held that the *Navy Ships Technical Manual*, which mandates that the commanding officer of a vessel assure that those working under his control conduct their operations according to applicable standards and laws, does not impose a duty on the government to provide contractors with a safe place to work. *Id.* at 641–42. The court, citing *Schweiker*, concluded that the Navy's internal manual "is not a regulation and does not have the force of law." *Id.* at 641. Because the internal manual did not create a legal duty, the court reasoned, its violation was not per se negligent and could not by itself support an FTCA claim. *Id.* Like the Ninth Circuit, we believe *Schweiker* can be applied to an FTCA claim and, so applied, supports our conclusion that Whatley's alleged violation of the Guidelines does not make out a discrete negligence claim under the FTCA.

### III.

■ Finally we turn to Kugel's claim charging false light invasion of privacy. Kugel failed to make this specific claim in district court and he is therefore precluded from raising it for the first time on appeal. *See Doe v. Di Genova*, 779 F.2d 74, 89 (D.C.Cir.1985). Moreover, were we to con-

sider the issue on the merits, the claim would fail. While a claim of false light invasion of privacy may be cognizable under the FTCA, *see Black v. Sheraton Corp. of America*, 564 F.2d 531, 540–41 (D.C.Cir. 1977) (invasion of privacy claim permitted under FTCA where government invaded plaintiff's privacy by use of eavesdropping device installed in hotel room), it cannot be maintained on Kugel's allegations. Under the FTCA, the alleged tort must create liability under the law of the state where the alleged acts or omissions occurred. *See* 28 U.S.C. § 1346(b). Despite Kugel's contention that the tortious conduct supporting a false light invasion of privacy occurred in the District of Columbia, we think it is clear that the challenged conduct took place in North Carolina. Because North Carolina does not recognize the tort of false light invasion of privacy, *see Hall v. Post*, 323 N.C. 259, 372 S.E.2d 711 (1988), Kugel cannot bring his false light claim under the FTCA.[3]

For the preceding reasons, we conclude that the district court properly dismissed the plaintiff's complaint as barred by section 2680(h) of the FTCA. Accordingly, the judgment below is

*Affirmed.*

---

**3.** Even if we agreed with Kugel that District of Columbia law, which does recognize the tort of false light invasion of privacy, applies, nonetheless we would affirm the district court. We have often held that "[w]hile a complaint should not be dismissed unless the court determines that the allegations do not support relief on any legal theory, the complaint nonetheless must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted." *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1078 (D.C.Cir. 1984). Kugel has not met this requirement.

Assuming without concluding that the mere truthful disclosure to the Associated Press that an investigation is ongoing or the mere transmittal of an interagency memorandum from one FBI office to another is a ground for a false light claim at all, that ground is indisputably "novel." *See id.* A trial judge is under no duty to recognize a novel theory of recovery unaided by the plaintiff and a motion to dismiss should be granted where, as here, the complaint does not adequately inform the court of the plaintiff's legal theory supporting a false light invasion of privacy claim.